UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DANIEL BARTHOLE, individually and on behalf     Civil Action No. 1:20-cv-536
of all others similarly situated,

                 Plaintiff,

   -against-

                                     **CLASS AND COLLECTIVE**
FORTE CAPITAL GROUP INC. and NATIONAL       **ACTION COMPLAINT**
SECURITIES CORPORATION,                             **<u>AND JURY DEMAND</u>**

                 Defendants.
-----------------------------------------------------------------x

       Plaintiff DANIEL BARTHOLE ("Plaintiff"), by his attorneys, Braverman, PLLC, on

behalf of himself and all others similarly situated, upon personal knowledge as to himself and

upon information and belief as to other matters, as and for his Complaint against defendants

FORTE CAPITAL GROUP INC. ("Forte Capital") and NATIONAL SECURITIES

CORPORATION ("National Securities") (individually and collectively, "Defendants"),

respectfully alleges as follows:

<u>**NATURE OF THE ACTION**</u>

       1.     Plaintiff brings this action, on behalf of himself and all other similarly situated

persons who were/are employed by Defendants (including misclassified independent contractors)

in the State of New York as inside sales brokers and/or in similar positions ("Inside Sales

Brokers"), to recover: (a) minimum wages and overtime compensation that Defendants failed to

pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the

New York Labor Law, as amended, (the "NYLL") and related regulations; (b) wages earned in

accordance with the agreed terms of employment that Defendants failed to pay in violation of the

NYLL and related regulations; (c) spread of hours pay that Defendants failed to pay in violation

1

of the NYLL and related regulations; (d), unlawful wage deductions in violation of the NYLL and related regulations; and (e) to remedy notice and record keeping violations of the NYLL and related regulations.

2.      Plaintiff brings this action, on behalf of himself and all other similarly situated current and former Inside Sales Brokers who elect to opt into this action, pursuant to the FLSA, and, specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated current and former Inside Sales Brokers of their lawfully earned wages.

3.      Plaintiff also brings this action, on behalf of himself and all other similarly situated current and former Inside Sales Brokers, pursuant to Fed. R. Civ. P. 23 ("Rule 23"), to remedy violations of the NYLL and related regulations.

4.      Defendants engaged, and continue to engage, in illegal and improper wage practices, including, but not limited to: misclassifying Plaintiff and other similarly situated current and former Inside Sales Brokers as independent contractors and as exempt from the overtime laws; unlawfully failing to pay Plaintiff and other similarly situated current and former Inside Sales Brokers earned wages and other monies unequivocally due to them for services they rendered for Defendants as their employees; unlawfully failing to pay Plaintiff and other similarly situated current and former Inside Sales Brokers at the prevailing minimum wage and/or at their agreed upon rate for all hours worked under forty (40) hours per work week and overtime at a rate of one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per work week; failing to pay Plaintiff and other similarly situated current and former Inside Sales Brokers spread of hours pay; making unlawful and improper wage deductions; and failing to provide accurate wage statements.

# THE PARTIES

**Plaintiff**

5.      Plaintiff is a natural person who resides in the State of New York.  At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA and NYLL.  As such, Plaintiff was entitled to be paid in full for all hours worked.

6.      Plaintiff was employed by Defendants from in or about February 2015 to in or about August 2018.

7.      Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

8.      A written consent form for Plaintiff is attached hereto as Exhibit A.

**Defendant Forte Capital**

9.      Upon information and belief, Forte Capital is a New York corporation with its principle place of business located at 80 Broad Street, Suite 2900, New York, NY 10004.

10.      At all times relevant to this complaint, Forte Capital employed Plaintiff and other similarly situated Inside Sales Brokers within the meaning of the FLSA and NYLL.

11.      At all times relevant to this complaint, Forte Capital has been a covered employer within the meaning of the FLSA and NYLL and employed and/or jointly employed Plaintiff and other similarly situated Inside Sales Brokers.

12.      At all times relevant to this complaint, Forte Capital maintained control, oversight, and direction over Plaintiff and other similarly situated Inside Sales Brokers, including,  but not limited to, how they are/were compensated.

**Defendant National Securities**

13.      Upon information and belief, National Securities is a foreign corporation with its principle place of business located at 200 Vesey Street, 25th Floor, New York, NY 10281.

14.     At all times relevant to this complaint, National Securities employed Plaintiff and other similarly situated Inside Sales Brokers within the meaning of the FLSA and NYLL.

15.     At all times relevant to this complaint, National Securities has been a covered employer within the meaning of the FLSA and NYLL and employed and/or jointly employed Plaintiff and other similarly situated Inside Sales Brokers.

16.     At all times relevant to this complaint, National Securities maintained control, oversight, and direction over Plaintiff and other similarly situated Inside Sales Brokers, including,  but not limited to, how they are/were compensated.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

18.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2), as it is a judicial district in which: (1) Defendants reside, pursuant to 28 U.S.C. §§ 1391(c)(2) and 1391(d); and (2) a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings the First and Second Claims For Relief, *i.e.*, the FLSA claims, on behalf of himself and all other similarly situated current and former Inside Sales Brokers employed by Defendants (including misclassified independent contractors) at any time during the period commencing three (3) years prior to the filing of this action and continuing until the

date of the final disposition of this action (the "FLSA Collective Period"), who elect to opt in to this action (the "FLSA Collective Members").

21.    The basic job duties of the FLSA Collective Members were/are the same as or substantially similar to those of Plaintiff, and the FLSA Collective Members were/are paid in the same manner and under the same common policies, plans, and practices as Plaintiff.

22.    At all relevant times, Plaintiff and the FLSA Collective Members are/were similarly situated, have had substantially similar job requirements, duties, and pay provisions, and are and have been subject to the same unlawful policies, plans, and practices of Defendants, including: misclassifying Plaintiff and the FLSA Collective Members as independent contractors and as exempt from the overtime laws; unlawfully failing to pay all appropriate taxes on behalf of Plaintiff and the FLSA Collective Members, as Defendants' employees; unlawfully failing to pay Plaintiff and the FLSA Collective Members earned wages and other monies unequivocally due to them for services they rendered for Defendants as their employees; unlawfully failing to pay Plaintiff and the FLSA Collective Members at the prevailing minimum wage and/or at their agreed upon rate for all hours worked under forty (40) hours per work week and overtime at a rate of one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per work week; failing to pay Plaintiff and the FLSA Collective Members spread of hours pay; making unlawful and improper wage deductions; failing to provide accurate wage statements and required notices; and failing to make, keep, and preserve accurate records with respect to Plaintiff and the FLSA Collective Members.

23.    During the FLSA Collective Period, Defendants were fully aware and/or should have been aware of the duties performed by Plaintiff and the FLSA Collective Members and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

24.     During the FLSA Collective Period, Defendants were fully aware and/or should have been aware that they were misclassifying Plaintiff and the FLSA Collective Members as independent contractors and not as employees.

25.     During the FLSA Collective Period, Defendants were fully aware and/or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Members minimum wage for all of the hours they worked.

26.     During the FLSA Collective Period, Defendants were fully aware and/or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Members overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

27.     During the FLSA Collective Period, Defendants' unlawful conduct has been widespread, repeated, and consistent.

28.     The FLSA Collective Members are readily ascertainable.

29.     For the purpose of notice and other purposes related to this action the FLSA Collective Members' names and addresses are readily available from Defendants' records.

30.     Notice can be provided to the FLSA Collective Members via first class mail to the last addresses known to Defendants

## NEW YORK CLASS ACTION ALLEGATIONS

31.     Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims For Relief, *i.e.*, the NYLL claims, pursuant to Rule 23, on behalf of himself and all other similarly situated current and former Inside Sales Brokers employed by Defendants (including misclassified independent contractors) at any time during the period commencing six (6) years

prior to the filing of this action and continuing until the date of the final disposition of this action (the "New York Class").

32. Excluded from the New York Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, any individual who has, or who at any time during the period commencing six (6) years prior to the filing of this action and continuing until the date of the final disposition of this action (the "New York Class Period") had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judge's immediate family, and all persons who submit timely and otherwise proper requests for exclusion from the Class.

33. <u>Ascertainable Class</u>: The proposed New York Class is ascertainable, as its members can be identified and located by information contained in Defendants' business records.

34. <u>Numerosity</u>: The potential number of persons in the New York Class is so numerous that joinder of all members would be unfeasible and impractical.

35. <u>Typicality</u>: Plaintiff's claims are typical of the claims of other members of the New York Class because other similarly situated Inside Sales Brokers were misclassified as independent contractors and as exempt from the overtime laws and were not properly compensated for all work performed. Plaintiff and other members of the New York Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and related regulations. Plaintiff and other members of the New York Class have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

36. <u>Adequacy</u>: Plaintiff is an adequate representative of the New York Class, will fairly protect the interests of the other members of the New York Class, has no interests antagonistic to the other members of the New York Class, and will vigorously pursue this action via attorneys who are competent, skilled, and experienced in litigating matters of this type.

37. <u>Existence of Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

a. Whether Defendants had a policy or practice of misclassifying Inside Sales Brokers as independent contractors and as exempt from coverage of the overtime provisions of the NYLL and related regulations;

b. Whether Defendants failed and/or refused to pay Plaintiff and other members of the New York Class for all of the compensable time they worked for Defendants;

c. Whether Defendants failed and/or refused to pay Plaintiff and other members of the New York Class for all hours worked under forty (40) in a work week at the prevailing minimum wage and/or at their agreed upon rate;

d. Whether Defendants failed and/or refused to pay Plaintiff and other members of the New York Class overtime pay at a rate of one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per work week;

e. Whether Defendants failed and/or refused to pay Plaintiff and other members of the New York Class spread of hours pay;

f. Whether Defendants made unlawful and improper deductions from the paychecks of Plaintiff and other members of the New York Class;

g. Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and other members of the New York Class as required by the NYLL;

h. Whether Defendants failed to comply with the posting and notice requirements of the NYLL;

i. Whether Defendants failed to provide Plaintiff and other members of the New York Class with accurate statements with every payment of wages, listing, among other things, accurate gross wages, deductions, and accurate net wages, as required by the NYLL;

j. Whether Defendants engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiff and other members of the New York Class to perform work for Defendants' benefit that was not compensated;

k. Whether Defendants' policy or practice of failing to pay workers was instituted willfully or with reckless disregard of the law;

l. The nature and extent of New York Class-wide injury and the measure of damages of those injuries; and

m. Whether Defendants should be enjoined from such violations of the NYLL and related regulations in the future.

38. _Superiority_: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiff and the other members of the New York Class for the wrongs alleged herein, including for the following reasons:

a. This case involves large corporate Defendants and a large number of individual Class Members with many relatively small claims and common issues of law and fact;

b. If each individual member of the New York Class were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with their vastly superior financial resources, they would be able to exploit and overwhelm the limited resources of each individual member of the New York Class;

c. Requiring each individual member of the New York Class to pursue an individual remedy would discourage the assertion of lawful claims by members of the New York Class who would be disinclined to pursue an action against Defendants who are current or former employers of the members of the New York Class, due to a justifiable fear of retaliation;

d. The prosecution of separate actions by the individual members of the New York Class, even if possible: would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the New York Class; would potentially establish incompatible standards of conduct for Defendants; would result in legal determinations with respect to individual members of the New York Class that would, as a practical matter, be dispositive of the interests of the other members of the New York Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the New York Class to protect their own interests;

e. As the damages suffered by each individual member of the New York Class are relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the New York Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action;

f. The costs to the court system of adjudication of such individualized litigation would be substantial;

g. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action;

h. no superior alternative exists for the fair and efficient adjudication of this controversy; and

i. members of the New York Class are readily identifiable from Defendants' business records.

39. Plaintiff intends to send notice to all members of the New York Class to the extent required by Article 9 of the CPLR.

## **THE FACTS**

40. Defendants committed the following acts knowingly and willfully.

41. Defendants are in the business of generating income from securities transactions.

42. During the FLSA Collective Period and the New York Class Period, Plaintiff, FLSA Collective Members, and the members of the New York Class worked for Defendants as inside sales stockbrokers and/or in similar positions.

43. Plaintiff worked for Defendants as an Inside Sales Broker during the period from February 2015 to on or about August 22, 2018.

44.     At the time Plaintiff first started working for Defendants as an Inside Sales Broker,  Defendants promised Plaintiff, among other things, that he would receive a signing bonus of $10,000, payable in three (3) installments.

45.     Although Plaintiff received the first two (2) installments, totaling $7,000, he never received the final instalment of $3,000, which is due and owing, despite his repeated requests.

46.     During the FLSA Collective Period and the New York Class Period, Plaintiff, FLSA Collective Members, and the members of the New York Class received all of their compensation in the form of commissions and did not receive a salary or hourly wage.

47.     Upon information and belief, during the FLSA Collective Period and the New York Class Period, Defendants were supposed to pay Plaintiff, FLSA Collective Members, and the members of the New York Class their earned wages/commissions once per month.

48.     Defendants often failed to pay Plaintiff, FLSA Collective Members, and members of the New York Class their earned monthly wages/commissions in the agreed upon monthly time frame.

49.     Defendants misclassified Plaintiff, FLSA Collective Members, and members of the New York Class as independent contractors.

50.     The job duties of Plaintiff, FLSA Collective Members, and members of the New York Class as Inside Sales Brokers largely remained the same throughout the FLSA Collective Period and the New York Class Period and were of a non-exempt nature.

51.     During the FLSA Collective Period and the New York Class Period, Plaintiff, FLSA Collective Members, and members of the New York Class were non-exempt employees under the FLSA and NYLL and related regulations.

52. As a result of being paid commissions only, when Plaintiff, FLSA Collective Members, and members of the New York Class did not earn commissions, they were not paid any compensation for their hours worked.

53. During the FLSA Collective Period and the New York Class Period, Plaintiff, FLSA Collective Members, and members of the New York Class performed their duties for Defendants at the direction and under the control of Defendants.

54. During the FLSA Collective Period and the New York Class Period, Defendants supervised Plaintiff, FLSA Collective Members, and members of the New York Class, controlled the terms and conditions of employment of Plaintiff, FLSA Collective Members, and members of the New York Class, and made decisions concerning the employment and duties of Plaintiff, FLSA Collective Members, and members of the New York Class, including but not limited to decisions as to hiring, firing, and the payment of wages.

55. During the FLSA Collective Period and the New York Class Period, Defendants were employers of Plaintiff, FLSA Collective Members, and members of the New York Class within the meaning of the FLSA and NYLL and related regulations.

56. During the FLSA Collective Period and the New York Class Period, Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class, regularly worked more than forty (40) hours in a work week.

57. During the FLSA Collective Period and the New York Class Period, Defendants failed to pay Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class, overtime compensation, at the rate of one and one-half (1.5) times their regular rate of pay, for all hours worked in excess of forty hours in any given week.

58. During the FLSA Collective Period and the New York Class Period, Defendants failed to pay Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class, the prevailing minimum wage for all hours worked during each workweek.

59. During the FLSA Collective Period and the New York Class Period, Defendants failed to pay Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class, their wages earned in accordance with the agreed upon terms of employment.

60. During the FLSA Collective Period and the New York Class Period, Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class regularly worked more than 10 hours in a workday.

61. During the FLSA Collective Period and the New York Class Period, Defendants failed to pay Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class one hour's pay at the basic New York minimum hourly wage rate for days in which the length of his workday was more than 10 hours, as required by the NYLL and related regulations.

62. During the FLSA Collective Period and the New York Class Period, Defendants failed to reimburse Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class for expenses they incurred on Defendants' behalf.

63. During the FLSA Collective Period and the New York Class Period, Defendants routinely made illegal deductions from Plaintiff's and, upon information and belief, FLSA Collective Members' and members of the New York Class's wages/commissions. For example, Defendants made deductions from Plaintiff's and FLSA Collective Members' and members of

the New York Class's wages/commissions for administrative/operating costs, as well as making excessive deductions for clearing and execution charges.

64. These deductions did not benefit the Plaintiff, FLSA Collective Members, or members of the New York Class and were not authorized by statute.

65. The deductions were made without the written consent of Plaintiff or, upon information and belief, FLSA Collective Members or members of the New York Class.

66. Upon information and belief, Defendants willfully disregarded and purposefully evaded the notice and recordkeeping requirements of the NYLL and related regulations by, among other things, failing to make, keep, and preserve accurate records with respect to Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class, and provide Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class with all required notices.

67. Upon information and belief, Defendants also willfully disregarded and purposefully evaded the notice and recordkeeping requirements of the NYLL and related regulations by, among other things, failing to make, keep, and preserve accurate records with respect to Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class, and provide Plaintiff and, upon information and belief, FLSA Collective Members and members of the New York Class with a statement with every payment of wages listing, among other things: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

68.     Upon information and belief, during the FLSA Collective Period and the New York Class Period, all Inside Sales Brokers were subjected to the same policies and practices described herein.

69.     Plaintiff, FLSA Collective Members, and members of the New York Class sustained substantial losses from the acts and omissions described herein.

70.     Defendants deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter in order to enhance corporate profits and reduce labor costs.

71.     Defendants' conduct as described above was knowing, intentional, willful, malicious, and/or evinced a wanton and reckless and callous disregard for Plaintiff's, FLSA Collective Members', and members of the New York Class's statutorily and other legally protected rights.

**FIRST CLAIM FOR RELIEF**
**(Violation of FLSA - Minimum Wages)**
**(On Behalf Of Plaintiff And The FLSA Collective Members)**

72.     Plaintiff, on behalf of himself and the FLSA Collective Members, repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

73.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

74.     At all relevant times, each of the Defendants has been, and continues to be, an employer engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 203.

75.     At all relevant times, each Defendant has employed "employee(s)," including Plaintiff and the FLSA Collective Members.

76.     Defendants were required to pay directly to Plaintiff and the FLSA Collective Members the applicable minimum wage rate for all hours worked.

77.     Defendants failed to pay Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

78.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

79.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 et seq.

80.     By reason of the foregoing, Plaintiff, on behalf of himself and the FLSA Collective Members, demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of FLSA - Overtime Wages)**
**(On Behalf Of Plaintiff And The FLSA Collective Members)**

81.     Plaintiff, on behalf of himself and the FLSA Collective Members, repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

82. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Members.

83. Plaintiff and the FLSA Collective Members worked in excess of forty hours during some workweeks in the relevant period.

84. Defendants willfully failed to pay Plaintiff and the FLSA Collective Members overtime pay at a premium rate of one and one-half times Plaintiff's and the FLSA Collective Members' regular rate of pay.

85. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 et seq.

86. Plaintiff and the FLSA Collective Members have been damaged by Defendants' aforementioned violation of the FLSA and related regulations.

87. By reason of the foregoing, Plaintiff, on behalf of himself and the FLSA Collective Members, demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Violation Of NYLL And Related Regulations - Failure to Pay Wages)**
**(On Behalf Of Plaintiff And The New York Class)**

88. Plaintiff, on behalf of himself and the New York Class, repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

89. The NYLL requires covered employers, such as Defendants, to pay employees (including employees misclassified as independent contractors) their wages with the requisite frequency in accordance with the agreed upon terms of employment.

90.     Plaintiff and the members of the New York Class were not exempt from the requirement that Defendants pay them for all wages earned in accordance with the agreed terms of employment under the NYLL and related regulations.

91.     During the New York Class Period, and based on the foregoing, Defendants did not pay Plaintiff and the members of the New York Class their wages earned in accordance with the agreed terms of employment.

92.     Based on the foregoing, Defendants have knowingly, willfully, and in bad faith violated the NYLL, including NYLL § 191, and related regulations, by failing to pay Plaintiff and the members of the New York Class their wages earned in accordance with the agreed terms of employment.

93.     Plaintiff and the members of the New York Class have been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

94.     By reason of the foregoing, Plaintiff, on behalf of himself and the members of the New York Class, demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(Violation Of NYLL And Related Regulations – Minimum Wage)**
**(On Behalf Of Plaintiff And The New York Class)**

95.     Plaintiff, on behalf of himself and the New York Class, repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

96.     Based on the foregoing, Defendants have knowingly, willfully, and in bad faith violated the NYLL, including Articles 6 and 19 of the NYLL, and related regulations, by failing

to pay Plaintiff and the members of the New York Class the minimum wage for all hours worked.

97.     Plaintiff and the members of the New York Class have been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

98.     By reason of the foregoing, Plaintiff, on behalf of himself and the members of the New York Class, demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**(Violation Of NYLL And Related Regulations – Overtime)**
**(On Behalf Of Plaintiff And The New York Class)**

99.     Plaintiff, on behalf of himself and the New York Class, repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

100.    Based on the foregoing, Defendants have knowingly, willfully, and in bad faith violated the NYLL, including NYLL § 170 and 12 NYCRR § 142-2.2, and generally Articles 5, 6, and 19 of the NYLL and related regulations, by failing to pay Plaintiff and the members of the New York Class overtime pay at a premium rate of one and one-half times Plaintiff's and the members of the New York Class's regular rate of pay.

101.    Plaintiff and the members of the New York Class have been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

102.    By reason of the foregoing, Plaintiff, on behalf of himself and the members of the New York Class, demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### (Violation Of NYLL And Related Regulations – Spread Of Hours Pay)
### (On Behalf Of Plaintiff And The New York Class)

103.    Plaintiff, on behalf of himself and the New York Class, repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

104.    Based on the foregoing, Defendants have knowingly, willfully, and in bad faith violated the NYLL and related regulations, including Articles 6 and 19 of the NYLL and 12 NYCRR § 142-2.4, by failing to pay Plaintiff and the members of the New York Class one hour's pay at the prevailing minimum wage rate for each day during which the spread of hours exceeded ten hours.

105.    Plaintiff and the members of the New York Class have been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

106.    By reason of the foregoing, Plaintiff, on behalf of himself and the members of the New York Class, demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (Violation Of NYLL – Unlawful Deductions)
### (On Behalf Of Plaintiff And The New York Class)

107.    Plaintiff, on behalf of himself and the New York Class, repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

108.    Based on the foregoing, including Defendants failure to reimburse Plaintiff and the members of the New York Class for expenses they incurred on Defendants' behalf, and Defendants' unlawful deductions from Plaintiff's and the members of the New York Class's

earned wages/commissions, Defendants have knowingly, willfully, and in bad faith violated the NYLL, including NYLL § 193 and 12 NYCRR § 142-2.10, and related regulations, by failing to reimburse Plaintiff and the members of the New York Class for expenses they incurred on Defendants' behalf and making unlawful deductions from Plaintiff's and the members of the New York Class's earned wages/commissions.

109.     Plaintiff and the members of the New York Class have been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

110.     By reason of the foregoing, Plaintiff, on behalf of himself and the members of the New York Class, demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

### EIGHTH CLAIM FOR RELIEF
**(Violation Of NYLL – Notice And Record Keeping Violations)**
**(On Behalf Of Plaintiff And The New York Class)**

111.     Plaintiff, on behalf of himself and the New York Class, repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

112.     Based on the foregoing, Defendants have knowingly, willfully, and in bad faith violated the NYLL, including Articles 6, and 19 of the NYLL and related regulations, including 12 NYCRR § 142-2.6, by failing to make, keep, and preserve accurate records with respect to Plaintiff and the members of the New York Class, and provide Plaintiff and the members of the New York Class with a notice containing, among other things: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; and the name of the employer.

113. Based on the foregoing, Defendants have knowingly, willfully, and in bad faith violated the NYLL, including Articles 6, and 19 of the New York Labor Law and related regulations, including 12 NYCRR § 142-2.6, by failing to make, keep, and preserve accurate records with respect to Plaintiff and the members of the New York Class, and provide Plaintiff and the members of the New York Class with a statement with every payment of wages listing, among other things: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

114. Plaintiff and the members of the New York Class have been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

115. By reason of the foregoing, Plaintiff, on behalf of himself and the members of the New York Class, demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective Members, and the Members of the New York Class, prays for judgment against Defendants jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-

in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Declaring that Defendants violated the provisions of the FLSA and related regulations as to Plaintiff and the FLSA Collective Members and awarding Plaintiff and the FLSA Collective Members statutory damages and any other relief authorized under the FLSA and related regulations for violations thereof;

(c)    Declaring that the Defendants' violations of the FLSA and related regulations complained of herein are found to be willful;

(d)    Awarding to Plaintiff and the FLSA Collective Members damages in the amount of unpaid wages, including overtime pay, and liquidated damages, owed to Plaintiff and the FLSA Collective Members, including pre-judgment interest thereon;

(e)    Certification of this action as a class action on behalf of the proposed New York Class;

(f)    Designation of Plaintiff as representative of the New York Class;

(g)    Declaring that Defendants violated the provisions of the NYLL and related regulations as to Plaintiff and the New York Class and awarding Plaintiff and the New York Class statutory damages and any other relief authorized under the NYLL and related regulations for violations thereof;

(h)    Declaring that the Defendants' violations of the NYLL and related regulations complained of herein are found to be willful;

(i)    Awarding appropriate equitable and injunctive relief to remedy Defendants'

violations of the NYLL and related regulations, including, but not limited to, an order enjoining Defendants from continuing their unlawful practices;

(j)     Awarding to Plaintiff and the New York Class damages in the amount of unpaid wages, including overtime pay, spread of hours pay, unlawful deductions, and liquidated damages, owed to Plaintiff and the New York Class, including pre-judgment interest thereon;

(k)     Awarding to Plaintiff and the New York Class damages, for Defendants' willful violation of the NYLL, including § 195, and related regulations by failing to provide notice when Plaintiff and the New York Class were hired, as required, in the amount of $50.00 for each workday that the violation occurred or continued to occur up to a maximum amount of $5,000.00, together with costs and reasonable attorneys' fees, pursuant to NYLL § 198(1-b);

(l)     Awarding to Plaintiff and the New York Class damages, for Defendants' willful violation of the NYLL, including § 195, and related regulations by failing to provide to Plaintiff and the New York Class a statement with every payment of wages, as required, in the amount of $250.00 for each work day that the violations occurred or continued to occur up to a maximum amount of $5,000.00, together with costs and reasonable attorneys' fees, pursuant to NYLL § 198(1-d);

(m)     Awarding Plaintiff, FLSA Collective Members, and the New York Class costs and disbursements of this action, along with reasonable attorneys' fees pursuant to the FLSA, the NYLL, and related regulations, as well as pre-judgment and post-judgment interest as provided by law; and

(n)     Awarding Plaintiff and the New York Class damages to compensate for any

adverse tax consequences; and

(o)     Awarding Plaintiff, FLSA Collective Members, and the New York Class such

other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  New York, New York
        January 20, 2020

Respectfully submitted,

BRAVERMAN, PLLC


By:_____ s/ Daniel S. Braverman
Daniel S. Braverman, Esq. (DB-9423)
E-mail: dbraverman@bravelaw.com
Sean W. Higgins, Esq., Of Counsel (SH-4190)
E-mail: shiggins@bravelaw.com
Attorneys for Plaintiff and Proposed FLSA
Collective Members and New York Class Action
Members
19 West 44th Street, Suite 1500
New York, New York 10036
Tel.: (212) 233-2910