UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL BARTHOLE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>FORTE CAPITAL GROUP INC. and NATIONAL SECURITIES CORPORATION,<br><br>*Defendants.* | CASE NO.:1:20-cv-536 (AT) (RL)<br><br>**DEFENDANT NATIONAL SECURITIES CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant National Securities Corporation ("NSC"), through its undersigned counsel, hereby responds to the Complaint filed on January 20, 2020 by Plaintiff Daniel Barthole ("Plaintiff"), individually and on behalf of others similarly situated, as follows:

**RESPONSE TO "NATURE OF THE ACTION"**

1.      No response is required to the allegations contained in Paragraph 1 of the Complaint. To the extent a response is required, NSC admits that Plaintiff purports to bring an action for alleged violations of the referenced laws, which violations are denied.

2.      No response is required to the allegations contained in Paragraph 2 of the Complaint. To the extent a response is required, NSC admits that Plaintiff purports to bring an action for alleged violations of the referenced laws, which violations are denied.

3.      No response is required to the allegations contained in Paragraph 3 of the Complaint. To the extent a response is required, NSC admits that Plaintiff purports to bring an action, on behalf of himself and others, for alleged violations of the referenced laws, which violations are denied.

4.      Paragraph 4 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

## RESPONSE TO "THE PARTIES"

### Response to "Plaintiff"

5.      NSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint as to Plaintiff's residence. NSC denies the remaining allegations contained in Paragraph 5, except admits that Plaintiff is a natural person.

6.      Paragraph 6 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations, except admits that Plaintiff provided services as a self-employed independent stockbroker between February 2015 through August 2018.

7.      NSC denies the allegations contained in Paragraph 7 of the Complaint.

8.      No response is required to the allegations contained in Paragraph 8 of the Complaint. To the extent a response is required, the referenced document speaks for itself.

### Response to "Defendant Forte Capital"

9.      Paragraph 9 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC.

10.     Paragraph 10 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC.

11.     Paragraph 11 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC.

12.     Paragraph 12 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC.

**Response to "Defendant National Securities"**

13.     NSC denies the allegations contained in Paragraph 13 of the Complaint, except admits that NSC is a foreign corporation.

14.     NSC denies the allegations contained in Paragraph 14 of the Complaint.

15.     NSC denies the allegation contained in Paragraph 15 of the Complaint that it employed and/or jointly employed Plaintiff and other similarly situated Inside Sales Brokers. The remaining allegations contained in Paragraph 15 constitute a legal conclusion to which no response is required. To the extent a response is required, NSC refers the Court to the referenced laws.

16.     NSC denies the allegations contained in Paragraph 16 of the Complaint

## RESPONSE TO "JURISDICTION AND VENUE"

17.     The allegations contained in Paragraph 17 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NSC admits that jurisdiction is proper in this action.

18.     The allegations contained in Paragraph 18 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NSC admits that jurisdiction is proper in this action.

19.     The allegations contained in Paragraph 19 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, NSC admits that venue is proper in this action.

### RESPONSE TO "COLLECTIVE ACTION ALLEGATIONS"

20.     No response is required to the allegations contained in Paragraph 20 of the Complaint. To the extent a response is required, NSC admits that Plaintiff purports to bring a collective action for alleged violations of the referenced laws, which violations are denied.

21.     NSC denies the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

23.     Paragraph 23 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

24.     Paragraph 24 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

25.     Paragraph 25 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

26.     Paragraph 26 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

27.     Paragraph 27 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

28.     NSC denies the allegations contained in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

30.     Paragraph 30 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

## RESPONSE TO "NEW YORK CLASS ACTION ALLEGATIONS"

31.     No response is required to the allegations contained in Paragraph 31 of the Complaint. To the extent a response is required, NSC admits that Plaintiff purports to bring a class action for alleged violations of the referenced laws, which violations are denied.

32.     Paragraph 32 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

33.     Paragraph 33 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

34.     NSC denies the allegations contained in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

36.     NSC denies the allegations contained in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations contained in Paragraph 37, including any subparts.

38.     Paragraph 38 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations contained in Paragraph 38, including any subparts.

39.     NSC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

## RESPONSE TO "THE FACTS"

40.     Paragraph 40 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

41.     Paragraph 41 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

42.     Paragraph 42 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

43.     Paragraph 43 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations contained in Paragraph 43, except admits that Plaintiff provided services as a self-employed independent stockbroker between February 2015 through August 2018.

44.     Paragraph 44 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

45.     NSC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     NSC denies the allegations contained in Paragraph 46 of the Complaint.

47.     The allegations contained in Paragraph 47 of the Complaint contain a legal conclusion to which no response is required. To the extent a response is required, NSC refers the Court to the applicable laws.

48.     Paragraph 48 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

49.     Paragraph 49 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

50.     NSC denies the allegations contained in Paragraph 50 of the Complaint.

51.     NSC denies the allegations contained in Paragraph 51 of the Complaint.

52.     NSC denies the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

54.     Paragraph 54 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

55.     Paragraph 55 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

56.     NSC denies the allegations contained in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

58.     Paragraph 58 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

59.     Paragraph 59 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

60.     NSC denies the allegations contained in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations,

62.     Paragraph 62 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

63.     Paragraph 63 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

64.     NSC denies the allegations contained in Paragraph 64 of the Complaint.

65.     NSC denies the allegations contained in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

67.     Paragraph 67 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

68.     NSC denies the allegations contained in Paragraph 68 of the Complaint.

69.     NSC denies the allegations contained in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

71.     Paragraph 71 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

**RESPONSE TO "FIRST CLAIM FOR RELIEF**
**(Violation of FLSA – Minimum Wages)**
**(On behalf of Plaintiff and the FLSA Collective Members)"**

72.     NSC restates and reincorporates its responses to Paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73.     Paragraph 73 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

74.     Paragraph 74 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC admits the allegations.

75.     Paragraph 71 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

76.     Paragraph 76 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

77.     Paragraph 77 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

78.     Paragraph 78 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

79.     Paragraph 79 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

80.     Paragraph 80 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

## RESPONSE TO "SECOND CLAIM FOR RELIEF
### (Violation of FLSA – Overtime Wages)
### (On behalf of Plaintiff and the FLSA Collective Members)"

81.     NSC restates and reincorporates its responses to Paragraphs 1 through 80 of the Complaint as if fully set forth herein.

82.     Paragraph 82 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

83.     Paragraph 83 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

84.     Paragraph 84 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

85.     Paragraph 85 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

86.     Paragraph 86 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

87.     Paragraph 87 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

## RESPONSE TO "THIRD CLAIM FOR RELIEF
### (Violation of NYLL and Related Regulations – Failure to Pay Wages)
### (On behalf of Plaintiff and the New York Class)"

88.     NSC restates and reincorporates its responses to Paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89.     Paragraph 89 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, the allegations contain legal conclusions to which no response is required. To the extent a response is required, NSC refers the Court to the referenced laws.

90.     Paragraph 90 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

91.     Paragraph 91 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

92.     Paragraph 92 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

93.     Paragraph 93 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

94.     Paragraph 94 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

## RESPONSE TO "FOURTH CLAIM FOR RELIEF
### (Violation of NYLL and Related Regulations – Minimum Wage)
### (On Behalf of Plaintiff And The New York Class)"

95.     NSC restates and reincorporates its responses to Paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96.     Paragraph 96 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

97.     Paragraph 97 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

98.     Paragraph 98 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

### RESPONSE TO "FIFTH CLAIM FOR RELIEF
### (Violation of NYLL and Related Regulations – Overtime)
### (On Behalf Of Plaintiff And The New York Class)"

99.     NSC restates and reincorporates its responses to Paragraphs 1 through 99 of the Complaint as if fully set forth herein.

100.    Paragraph 100 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

101.    Paragraph 101 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

102.    Paragraph 102 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

### RESPONSE TO "SIXTH CLAIM FOR RELIEF
### (Violation of NYLL and Related Regulations – Spread of Hours Pay)
### (On Behalf Of Plaintiff And The New York Class)"

103.    NSC restates and reincorporates its responses to Paragraphs 1 through 1-103 of the Complaint as if fully set forth herein.

104.    Paragraph 104 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations,

105.    Paragraph 105 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

106.    Paragraph 106 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

## RESPONSE TO "SEVENTH CLAIM FOR RELIEF
### (Violation of NYLL – Unlawful Deductions)
### (On Behalf Of Plaintiff And The New York Class)"

107.    NSC restates and reincorporates its responses to Paragraphs 1 through 106 of the Complaint as if fully set forth herein.

108.    Paragraph 108 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

109.    Paragraph 109 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

110.    Paragraph 110 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

## RESPONSE TO "EIGHTH CLAIM FOR RELIEF
### (Violation of NYLL – Notice and Record Keeping Violations)
### (On Behalf of Plaintiff And The New York Class)"

111.    NSC restates and reincorporates its responses to Paragraphs 1 through 111 of the Complaint as if fully set forth herein.

112.     Paragraph 112 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations,

113.     Paragraph 113 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

114.     Paragraph 114 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

115.     Paragraph 115 of the Complaint includes allegations directed at another defendant, and thus, does not require a response from NSC. To the extent a response is required as to the allegations that pertain to it, NSC denies the allegations.

## RESPONSE TO "PRAYER FOR RELIEF"

To the extent the Paragraph beginning with "Wherefore" on pages 23-26 of the Complaint, including its subparts, requires a response, which NSC contends it does not, NSC denies that Plaintiff is entitled to the relief sought therein, including in its subparts, or to any relief at all.

## RESPONSE TO "JURY DEMAND"

To the extent that the Paragraph beginning with "Jury Demand" on page 26 of the Complaint requires a response, which NSC contends it does not, NSC admits that Plaintiff purports to request a jury trial on all questions of fact raised in his Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Complaint is barred, in whole or in part, because it fails to set forth a claim upon which relief can be granted, either individually or collectively.

2.      Plaintiff's Complaint fails to state a claim upon which relief can be granted because neither Plaintiff nor those individuals Plaintiff seeks to represent are or were NSC's "employees" under the Fair Labor Standards Act (FLSA) or the New York Labor Law (NYLL), nor was NSC their "employer" under the FLSA or NYLL. Rather, during all relevant times, Plaintiff and the individuals he seeks to represent were independent contractors under the FLSA and NYLL.

3.      The claims of Plaintiff and/or members of the putative class and collective fail, in whole or in part, because they consented to, acquiesced in, and/or ratified, through express or implied agreement, the actions or inactions of which they now complain.

4.      The Complaint is barred, in whole or in part, because, upon information and belief, Plaintiff and members of the putative class and collective were properly and fully paid all compensation that may have been due to them under the applicable laws and corresponding rules and regulations, including, but not limited to, the FLSA and the NYLL.

5.      Plaintiff and the members of the putative class and collective are exempt from, or fall within exemptions from or exceptions to, some or all of the wage requirements under the FLSA or NYLL and regulations.

6.      The claims of Plaintiff and the members of the putative class and collective are barred, in whole or in part, to the extent they worked less than 40 hours in a week and were paid at or above minimum wage for their time.

7.      Plaintiff's claims, either individually or on behalf of those persons whom he purports to represent, are barred, in whole or in part, by the applicable statute(s) or other periods of limitation pursuant to the FLSA and/or NYLL.

8.      Plaintiff and/or the putative class and collective members are not entitled to some or all of the relief requested in the Complaint because, even if any unlawful practice or conduct occurred, which NSC specifically denies, such practice/conduct was prohibited by applicable policy and was not committed, authorized, or approved by NSC.

9.      Plaintiff and/or the putative class and collective members are barred from recovering for any allegedly unlawful acts against NSC because NSC did not make or direct another to engage in any such unlawful acts.

10.     The claims of Plaintiff and/or the putative class and collective members are barred, in whole or in part, because, at all relevant times, NSC exercised reasonable care to prevent, investigate, and promptly correct any violations of law, and Plaintiff and/or the putative class and collective members unreasonably failed to avail themselves of these preventive and corrective opportunities or otherwise to avoid harm.

11.     This action cannot be maintained as a class action because Plaintiff fails to meet all or some of the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure and § 901 of the New York Civil Practice Law and Rules because the size of the putative class is not so numerous that joiner of all members is impracticable; questions affecting only individual members of the putative class predominate over common questions of law and fact common to the putative class, if any; Plaintiff's claims are not typical of the claims of the putative class members; Plaintiff and/or his counsel will not fairly and adequately protect the interests of the

putative class members; and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

12.     To the extent Plaintiff purports to maintain this action as a collective action, the Complaint fails to meet the requirements necessary to justify a collective action or the issuance of notice pursuant to 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to all or some of the persons whom he purports to represent, he and/or his counsel are not adequate representatives for such persons, and Plaintiff and the persons whom he purports to represent were not subject to common employment policies or practices.

13.     Plaintiff's claims are barred, in whole or in part, because he lacks standing or is otherwise not entitled to bring, maintain, or participate in a class or collective action under federal or state law on behalf of some or all of the putative class or collective members.

14.     Some or all of the claims of the Plaintiff and members of the putative class and collective may be barred due to the doctrine of accord and/or satisfaction.

15.     At all times, NSC acted in accordance with any and all duties and obligations it may have had under applicable law, including the FLSA and the NYLL.

16.     Plaintiff's proposed class and collective action definitions are improper.

17.     Some or all of Plaintiff's claims, either individually or on behalf of those persons whom he purports to represent, may be barred, in whole or in part, due to waiver, equitable estoppel, judicial estoppel, laches, and/or unclean hands.

18.     Plaintiff and the members of the putative class and collective are precluded from recovering any amounts from NSC for failure to pay compensation for hours allegedly worked because such time was worked without knowledge or approval by NSC.

19.     The claims of Plaintiff and the members of the putative class and collective are barred, in whole or in part, because NSC's actions or omissions were taken in subjective good faith, with honesty of intention, and no actual or constructive notice of a violation, and NSC had reasonable grounds to believe that its conduct complied with the FLSA, the NYLL, and interpretations of those statutes, and NSC consequently did not violate any law.

20.     The claims of Plaintiff and members of the putative class and collective are barred, in whole or in part, because NSC's actions or omissions were taken in good faith, in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, or enforcement policies of the U.S. and New York Departments of Labor.

21.     The Complaint is barred, in whole or in part, and/or recovery is precluded, because if the unlawful acts and/or omissions alleged in the Complaint were committed, which is denied, they were not done willfully.

22.     The Complaint is barred, in whole or part, because Plaintiff has pled no alleged facts demonstrating that he, or anyone else, are entitled to recover liquidated damages and/or penalties.

23.     NSC is entitled to any and all offsets and/or set offs permissible by law.

24.     Any claims for pre-judgment and/or post-judgment interest under the NYLL are preempted by the remedies provided by the FLSA.

25.     There can be no recovery of liquidated damages and a penalty under the NYLL because such relief would amount to a double recovery.

26.     NSC retains the right to amend its Answer and Affirmative Defenses to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff

or any putative class or collective members who join this action as those claims become known during the course of the litigation.

27.     NSC's investigation into the allegations contained in the Complaint is ongoing, and NSC reserves the right to amend its Answer and/or Affirmative Defenses should that become necessary.

**WHEREFORE**, NSC respectfully requests that the Court dismiss and deny the Complaint in its entirety, and that NSC recover its reasonable costs and attorneys' fees in this action, and that the Court grant such other relief as it deems just and proper.

Dated: June 15, 2020
   New York, New York

BAKER & HOSTETLER LLP

/s/ *Amy J. Traub*
Amy J. Traub
Saima Z. Sheikh
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212 589-4200
Fax: 212 589-4201
Email: atraub@bakerlaw.com
Email: ssheikh@bakerlaw.com

*Attorneys for Defendants*
*National Securities Corporation*
*and Forte Capital Group Inc.*