EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into between Daniel Barthole ("Plaintiff"), on the one hand, and Forte Capital Group Inc. and National Securities Corporation for the benefit of their parent(s), subsidiaries, divisions, affiliates, successors, insurers and other related entities, and all of their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, executors, assigns and representatives, in their representative capacities, (collectively, "Defendants" and/or "Releasees"), on the other hand.  Plaintiff and Defendants are referred to individually as a "Party" and collectively as the "Parties".

**WHEREAS,** Plaintiff filed a lawsuit against Defendants captioned *Daniel Barthole, individually and on behalf of all others similarly situated v. Forte Capital Group Inc. and National Securities Corporation.*, Case No. 1:20-cv-536, currently pending in the U.S. District Court for the Southern District of New York, alleging, among other things, violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (the "Action"); and

**WHREEAS,** Defendants deny all of the allegations in the Action and further deny that they engaged in any unlawful conduct with respect to Plaintiff at any time;

**WHEREAS,** the Parties desire to resolve Plaintiff's FLSA claims in the Action and any other claims that Plaintiff could have brought against Defendants in the Action arising under the FLSA.

**NOW, THEREFORE,** in consideration of the covenants and obligations set forth below, the Parties agree as follows:

1.      **Settlement Payment**.

a.      As consideration for Plaintiff entering into this Agreement and in full and complete accord and satisfaction of all of their asserted and un-asserted FLSA claims against the Releasees, the Releasees shall pay a one-time lump-sum payment in the gross amount of Seventeen Thousand Dollars and Zero Cents ($17,000.00) (the "Settlement Payment"), which will be sent to counsel for Plaintiff, Braverman, PLLC. The Parties agree that the Settlement Payment shall be provided through the following three payments to be made within twenty five (25) calendar days after court approval of this Agreement pursuant to Paragraph 3 below and only after counsel for Defendants' receipt of (i) this Agreement bearing Plaintiff's original signature; (ii) IRS Forms W-4 and W-9 bearing Plaintiff's original signatures; and (iii) an IRS Form W-9 from Plaintiff's counsel:

i.      one check made payable to Plaintiff in the gross amount of Five Thousand One Hundred Dollars ($5,100.00), which shall be considered taxable wages and shall be made net of all applicable standard payroll deductions, including, without limitation, federal, state, and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service on an IRS Form W-2, which amount shall be said to represent payment for any and all claims for wages in connection with the FLSA claims in the Action;

       ii.     one check made payable to Plaintiff in the gross amount of Five Thousand One Hundred Dollars and Zero Cents ($5,100.00), which shall be reported on an IRS Form 1099 to Plaintiff and which shall be said to represent payment for all alleged claims for liquidated damages, punitive damages, interest, and penalties in connection with the FLSA claims in the Action; and

       iii.     one check made payable to Braverman PLLC in the gross amount of Six Thousand Eight Hundred Dollars and Zero Cents ($6,800.00), which shall be reported on an IRS Form 1099 to Plaintiff and his counsel, and which shall be said to represent payment for all attorneys' fees, costs, and disbursements in connection with the FLSA claims in the Action.

       b.     Plaintiff acknowledges and agrees that the Releasees have made no representations regarding the tax consequences of the foregoing payments. Plaintiff agrees that he shall be responsible for any and all tax liability imposed on him and associated with his receipt of the Settlement Payment and that the Releasees shall have no such responsibility or liability related thereto. Plaintiff further acknowledges that he has sought his own advice on the tax liability associated with the Settlement Payment, and that he has not relied on any representations made by the Releasees or their counsel regarding the same. He acknowledges that if it is determined by any federal, state, or local government agency or court that any taxes should have been withheld or paid by them or the Releasees on any monies paid pursuant to this Agreement, the payment of any taxes owed by him and any related interest, assessments, or penalties shall be his sole responsibility, and he agrees to fully indemnify the Releasees and hold them harmless from the assessment of any such taxes, assessments, interest, and/or penalties owed by him. He further agrees that the net proceeds received by him after the payment of any such taxes, interest, and penalties on the monies paid pursuant to this Agreement shall be deemed full payment, satisfaction, discharge, compromise, and release of and from all matters released by this Agreement to the same extent as if no such taxes, interest, or penalties were paid.  If any governmental authority audits or questions the reporting of any payments provided under this Agreement, Plaintiff agrees to provide all necessary support for the foregoing payment allocation and classification and to cooperate to the full extent requested in any proceedings before said authority. In the event the Releasees receive written notice that any claim or assessments for taxes, withholding obligations, penalties, and/or interest arising out of this settlement are being or will be made against the Releasees, they shall promptly, after receipt of such written notice, notify Plaintiff by letter.

       2.     **Full Payment and No Monies Owed.** Plaintiff agrees and affirms that the payments described in Paragraph 1 above constitute fair and adequate consideration for the FLSA Released Matters (as defined in Paragraph 4, below), constitute the entire amount of monetary consideration provided to him and his legal counsel under this Agreement for the FLSA Released Matters, and that neither Plaintiff nor his counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the FLSA Released Matters through the date of their execution of this Agreement. Plaintiff further agrees and affirms that the payments provided for in Paragraph 1 constitute the entire, maximum, and only financial obligation of the Releasees to Plaintiff under this Agreement for the FLSA Released Matters and that he has been paid and/or have received all compensation, wages, bonuses, commissions, leave (paid or unpaid), and/or benefits to which he may be entitled in connection with the FLSA Released Matters and that no compensation,

wages, bonuses, commissions, other leave (paid or unpaid), and/or benefits are due to him in connection with the FLSA Released Matters.

3.    **Court Approval of Settlement**. This Agreement is contingent upon approval of it by the court in the Action, which the Parties agree to seek by filing a Joint Motion for Approval of Settlement or other appropriate documents.  This Agreement and any release herein are not effective or enforceable until the court has entered an Order approving the Agreement. To the extent that additional steps may need to be taken regarding dismissal of any actions, charges or claims they may have against Defendants, Plaintiff agree to cooperate with Defendants in effectuating dismissal of the FLSA claims in this Action.

4.    **Release of Claims and Covenant Not to Sue**.

a.    In consideration for Defendants' payment of the Settlement Payment and the promises made herein, Plaintiff hereby irrevocably and unconditionally releases, acquits, forever discharges and holds harmless all of the Releasees from any and all charges, complaints, claims, demands, actions, causes of action and liabilities which Plaintiff brought, or could have brought, against the Releasees in the Action, that arise under the Fair Labor Standards Act ("FLSA") and any other federal wage and hour laws or regulations, including without limitation claims for unpaid minimum wages and unpaid overtime compensation under the FLSA, from the date Plaintiff first provided services to Defendants up to and through the date Plaintiff executes this Agreement (the "FLSA Released Matters"). This release includes all claims for any type of damages arising from or relating to any such FLSA Released Matters including liquidated damages, penalties, interest, attorneys' fees, expenses and costs.

b.    Plaintiff represents that, other than the Action, he has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board, nor are they aware of any facts that would serve as the basis for any civil or administrative proceeding.  Plaintiff agrees (to the maximum extent permissible by law) that he will not in the future file any action, suit, complaint, claim, grievance, demand for arbitration or other proceeding against any of the Defendants or Releasees, either individually or as a member of a class in any class or collective action, in any court or other forum with regard to any claim, demand, liability, obligation or matter relating to the FLSA Released Matters arising out of Defendants' payment of wages to Plaintiff except to the extent they are compelled lawfully to do so pursuant to a court order or subpoena, or other legal process.  Plaintiff further represents that he has not assigned any of the FLSA Released Matters to any person or entity. The Parties agree that, in the event that any party files a collective or class action against Defendants which will cover Plaintiff's' released claims herein, Plaintiff shall not be entitled to any further compensation by virtue of being included in the class of persons entitled to recovery. Instead, they will not opt into the lawsuit if it is in the form of a collective action, and they will opt out of the lawsuit if it is in the form of a class action filed under Rule 23 of the Federal Rules of Civil Procedure, or any state law equivalent thereof.  The provisions of this Paragraph shall not bar Plaintiff from filing an action regarding the interpretation or enforcement of this Agreement.  Nothing in this Agreement is intended to prevent Plaintiff from cooperating in a federal, state or local agency investigation.

-3-

4830-6251-6947.1

5.    **Exceptions to Release**. The Release in Paragraph 4 of this Agreement does not affect or limit: (a) claims not referenced therein; (b) claims that may arise after the date that Plaintiff executes this Settlement Agreement; (c) the Parties' rights to enforce the terms of this Agreement; (d) Plaintiff's right to receive benefits for occupational injury or illness under the Workers' Compensation Law; or (e) any other claims that, under controlling law, may not be released by this Agreement.  Moreover, nothing in this Agreement is intended to, or shall prevent impede or interfere with Plaintiff's non-waivable rights, without prior notice to Defendants, to provide information to the government, participate in investigations, file a complaint, testify in proceedings regarding the Defendants' past or future conduct, or engage in any future activities protected under the whistleblower statutes, or to receive and fully retain a monetary award from a government-administered whistleblower award program for providing information directly to a government agency.

6.    **Company Release.**  In consideration of the promises herein, Defendants hereby completely, unconditionally and forever release, acquit and discharge Plaintiff from any and all claims, demands, liabilities, damages, losses, indebtedness, costs, attorneys' fees, actions and causes of action, suits, proceedings, controversies, agreements and/or obligations, known or unknown, that Defendants at any time have, had or claimed to have against Plaintiff specifically relating to the FLSA claims that were alleged or could have been alleged in the Action, from the beginning of the world through the date Plaintiff executes this Agreement, except for the obligations under this Agreement. The Release in Paragraph 6 of this Agreement does not affect or limit: (a) claims not referenced therein; (b) claims that may arise after the date that Plaintiff executes this Settlement Agreement; (c) the Parties' rights to enforce the terms of this Agreement; or (d) any other claims that, under controlling law, may not be released by this Agreement.  Moreover, nothing in this Agreement is intended to, or shall prevent impede or interfere with Defendants' non-waivable rights, without prior notice to Plaintiff, to provide information to the government, participate in investigations, file a complaint, testify in proceedings regarding Plaintiff's past or future conduct, or engage in any future activities protected under the whistleblower statutes.

7.    **No Admission of Wrongdoing**. This Agreement does not constitute an admission by Defendants of any unlawful acts or of any violation of any federal, state or local constitution, statute or regulation, or any common law right.  The Parties have entered into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation. Defendants expressly deny liability for any and all claims asserted by Plaintiff, and the Parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

8.    **Breach of Agreement**. The Parties acknowledge and agree that the provisions in this Agreement are express and absolute conditions of this Agreement, are bargained-for consideration for the rights contained in this Agreement, and are not mere recitals, and that any violation of the terms and conditions of the provisions of the Agreement shall constitute a material breach of this Agreement. The Parties further acknowledge and agree that a breach of any provisions in this Agreement might cause great damage and injury to the other Party, and that such provisions provide a material element of the Parties' consideration for, and inducement to enter, into this Agreement.  Further, in the event that any of the Parties breaches, violates, fails or refuses to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement (the "Breach"), the prevailing

–4–

Party or Parties in any action regarding such Breach shall be entitled to recover actual damages including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the prevailing Party or Parties as a consequence of said action. Notwithstanding the foregoing, the Parties' obligations under this Agreement (including, but not limited to, Plaintiff's release of claims) shall continue to be fully enforceable by the other Party.  The waiver by any Party of a breach of any provision of this Agreement shall not operate as or be construed as a waiver of any subsequent breach by any Party. Regardless of and in addition to any right to damages the prevailing Party or Parties may have, the prevailing Party or Parties shall be entitled to immediate injunctive relief without the need to post a bond.

9.    **Binding Effect**. This Agreement shall inure to the benefit of Defendants, their predecessors, successors and assigns, and each of the Releasees, and be binding upon Plaintiff's heirs, executors, administrators, legal representatives, successors and assigns.

10.    **Headings.** The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement

11.    **Entire Agreement; Modification of Agreement**. This Agreement constitutes the entire agreement of the Parties with respect to the resolution of the FLSA Released Matters.  All other prior or contemporaneous agreements or understandings, verbal or written, with respect to the FLSA Released Matters are null and void.  Furthermore, no modification of this Agreement shall be made except by written agreement between the Parties. Should a court of competent jurisdiction hold any provision of the Agreement unenforceable or invalid, the Agreement shall be construed and enforced as if not containing that provision.

12.    **Governing Law and Choice of Venue**. This Agreement shall be governed by the laws of the State of New York, and the venue for any action arising therefrom shall be the state and federal courts with jurisdiction over New York County, New York.  The Parties hereby irrevocably consent to jurisdiction and venue in those courts.

13.    **Acknowledgment.** Plaintiff acknowledges and represents that he fully and completely understands and accept the terms of this Agreement and enters into it freely, voluntarily, and without duress or coercion. Plaintiff further acknowledges and represents that in executing this Agreement, he does not rely, and have not relied, upon representations or statements made by the Releasees (other than those expressly set forth herein) with regard to the subject matter, basis or effect of this Agreement or otherwise.

14.    **Counterparts and Execution**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be a single agreement. The signatures to this Agreement need not all be on a single copy of this Agreement and may be facsimiles or other electronic transmissions rather than originals, and shall be fully as effective as though all signatures were originals on the same copy.

4830-6251-6947.1

THE PARTIES ACKNOWLEDGE THAT EACH HAS BEEN REPRESENTED BY COUNSEL IN THE NEGOTIATION AND PREPARATION OF THIS AGREEMENT, THAT EACH HAS READ SAID DOCUMENT, THAT EACH HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT EACH IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY WITH THE FULL INTENT TO BE BOUND BY ALL OF ITS TERMS.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____          12/21/2020
Daniel Barthole                           Date


_____          _____
Forte Capital Group Inc.                  Date
By:
Its:


_____          _____
National Securities Corporation           Date
By:
Its:

-6-

4830-6251-6947.1

THE PARTIES ACKNOWLEDGE THAT EACH HAS BEEN REPRESENTED BY COUNSEL IN THE NEGOTIATION AND PREPARATION OF THIS AGREEMENT, THAT EACH HAS READ SAID DOCUMENT, THAT EACH HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT EACH IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY WITH THE FULL INTENT TO BE BOUND BY ALL OF ITS TERMS.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

_____          _____
Daniel Barthole                                         Date

_____          12/21/20
Forte Capital Group Inc.                            _____
By: Timoty Feil                                          Date
Its: Outside General Counsel

_____          12/21/2020
National Securities Corporation               _____
By: Emily Hayes                                        Date
Its: SVP Counsel

-6-

4830-6251-6947.1