USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/19/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL BARTHOLE, individually and on behalf of all others similarly situated,

                      Plaintiff,

-against-

FORTE CAPITAL GROUP INC. and NATIONAL SECURITIES CORPORATION,

                      Defendants.

20 Civ. 536 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiff, Daniel Barthole, brings this action against Defendants, Forte Capital Group Inc. and National Securities Corporation, for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.* ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 36-1, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 36. For the reasons stated below, the motion is DENIED.

## DISCUSSION

### I.   Legal Standard

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v.*

*O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorneys' fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II. Analysis

The Settlement provides Plaintiff with a recovery of $17,000 to be allocated as follows: $10,200 to be paid to Plaintiff; and $6,800 to be paid to Plaintiff's counsel in attorneys' fees. Settlement §§ 1(a)(i)–(iii); *see also* Letter at 2. The parties provide no time records memorializing Plaintiff's hours on the job. Letter at 2. Plaintiff's counsel estimates Plaintiff's possible maximum recovery to be approximately $16,518.80, excluding attorneys' fees and costs. *Id.* The parties acknowledge that there is a mixed question of law and fact as to whether Plaintiff is exempt under the FLSA due to his possible status as an independent contractor, which could limit his maximum recovery to a nominal amount. *Id.* at 2–3. Additionally, the parties state that they engaged in arm's-length bargaining before a mediator, and there is no evidence of fraud or collusion. *Id.* at 3. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

Moreover, because the Settlement does not contain a confidentiality provision or a non-disparagement provision, Letter at 3, the Court concludes that the Settlement does not run afoul of the remedial provisions in the FLSA. *Cheeks*, 796 F.3d at 206. The Settlement's release provision in § 4 is also "fair and reasonable" because it only releases Defendants from Plaintiff's claims that arise under the FLSA "and any other federal wage and hour laws or regulations." Settlement § 4; *Cheeks*, 796 F.3d at 206; *see* Letter at 3. Accordingly, the Court finds these provisions permissible.

Turning to attorneys' fees, Plaintiff's counsel seeks a fee of forty percent of the settlement proceeds, in the amount of $6,800. Letter at 3–4. The Second Circuit favors the

percentage-of-the-fund method of calculating attorneys' fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorneys' fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $25,200.37 in attorneys' fees and $400 in costs. Letter at 3–4. The attorneys representing Plaintiff, Daniel S. Braverman and Sean W. Higgins, billed at rates of $495 and $445 per hour, respectively, for a combined total of 111.35 hours. *See* ECF No. 36-2; Letter at 3–4. The requested attorneys' fees award is $6,800—approximately one fourth of the lodestar amount. Plaintiff's counsel will recover an award of attorneys' fees that is less than the lodestar amount, and courts in this district have found larger awards to be fair and reasonable. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (collecting cases) (internal quotation marks and citation omitted)); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one[-]third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee.").

However, courts in this district generally reject settlement agreements when attorneys'

fees represent approximately forty percent of the total recovery amount. *See, e.g.*, *Heiloo v. Fruitco Corp.*, No. 18 Civ. 1917, 2019 WL 5485205, at *3 (S.D.N.Y. Oct. 25, 2019) (noting that attorneys' fees of 40% of the total settlement amount would have been a potential barrier to approving the settlement agreement); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("[A] fee in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs."). The Court also notes that Braverman's and Higgins' hourly rates exceed rates awarded in this district to attorneys with similar experience. *See, e.g.*, *Perez Garcia v. Hirakegoma Inc.*, No. 17 Civ. 7608, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020) ("In this district, courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour." (collecting cases)). This further suggests that such an award is inappropriate. *Run Guo*, 2015 WL 5122530, at *4 ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.").

Accordingly, the parties' motion is DENIED.

## CONCLUSION

The parties' motion for settlement approval is DENIED. By **May 3, 2021**, the parties are directed to file a revised settlement agreement in accordance with this order.

SO ORDERED.

Dated: April 19, 2021
    New York, New York

_____
ANALISA TORRES
United States District Judge